IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| REBECCA STOCKTON, | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |
|---|---|
| Plaintiff, | |
| v. | Case No. 2:17-cv-94 BCW |
| DON HOLYOAK, | |
| Defendant. | Magistrate Judge Brooke Wells |

This matter is before the court on Defendant Don Holyoak's Motion for Summary Judgment.[1] At the hearing held on Defendant's motion, Plaintiff Rebecca Stockton was represented by Peter Mifflin. Ryan Morley appeared on behalf of Defendant. Based on the briefing, relevant law and the facts of this matter, the court issues the following decision GRANTING Defendant's Motion for Summary Judgment.

## BACKGROUND[2]

Plaintiff Rebecca Stockton brings this diversity action seeking damages for injuries she sustained in a collision between her car and one of Defendant Don Holyoak's cows. Mr. Holyoak obtained a grazing permit from the Bureau of Land Management for an area roughly between mileposts 132 and 140 on both sides of Utah Highway SR-191.[3] In late October 2014, Mr. Holyoak transported a heard of approximately 450 mother cows to this grazing area.

---

[1] ECF No. 18.

[2] The following facts are taken from Plaintiff's Complaint and the parties' pleadings. They are undisputed unless otherwise noted.

[3] Mtn. p. 3.

Defendant claims this grazing area is "open range" as defined by Utah Code Ann. § 47-2-2[4] and that Grand County has designated the grazing area as a "fence-out" area.[5] Plaintiff contests Defendant's claim that the grazing area is open range and asserts it is closed rather than open. The court addresses this dispute in further detail below.

Mr. Holyoak inspected the fences, fence posts and gates in the grazing area at the time the cattle arrived and subsequently every two to three days. The fences are 4-line barbed wire with steel posts. Because the grazing area is on BLM land, it is open to public use and Mr. Holyoak is prohibited from locking the gates.[6]

On approximately November 15, 2014, Ms. Stockton was driving her car northbound on SR-191. Near mile marker 135, she encountered a cow in the road that belonged to Defendant. The accident occurred around 8:20 p.m. in conditions that made it somewhat difficult to see due to the lack of daylight. The cow was killed and Ms. Stockton "suffered severe damages and personal injuries, including … pain and suffering, emotional distress and mental anguish, scarring and disfigurement, and other non-economic damages …."[7] Mr. Holyoak testifies that he last inspected the fences, fence posts and gates between mileposts 132 to 140 around 4:00 p.m. on the day of the accident. Everything was in good condition and no cows were outside of the fenced area at that time.

Defendant was called following the accident and arrived at the scene about 8:30 p.m. After arriving, the local county deputy and Defendant inspected the fences, fence posts and gates

---

[4] "The term 'open range' means all land not privately owned, and includes all roads, outside of private inclosures, used by the public, whether the same have been formally dedicated to the public or not." Utah Code Ann. § 47-2-2.

[5] Defendant cites to part of the Grand County Ordinances that are attached as Exhibit 3 to the Appendix to Defendant's motion. ECF No. 19.

[6] Ms. Stockton contests this fact, but offers nothing to contradict it other than arguing that it contradicts Defendant's own statement of facts. The court disagrees.

[7] Complaint ¶ 11.

between mileposts 132 to 140. They found a cut in the fence about 3/4 of a mile north of the accident site. There is no verifiable evidence in the record regarding how the fence was cut and Defendant alleges "that someone had cut the fence with wire cutters."[8] Ms. Stockton objects to this allegation arguing it is inadmissible due to a lack of foundation. Regardless of how the fence was cut, or who exactly did it, the court accepts the fact that there was a cut in the fence as there is nothing in the record to contradict this fact.

Ms. Holyoak brings three claims for relief. First, a common law claim for negligence. Second, a closely related claim of negligence under the Utah Code.[9] And finally, a claim for *Res Ipsa Loquitur* asserting the crash "is the type of incident that would not normally occur but for Defendant's negligence."[10]

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] A dispute is genuine only if "a reasonable jury could find in favor of the nonmoving party on the issue."[12] "In making this determination, 'we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party.'"[13]

---

[8] Mtn. p. 5.

[9] *See* Utah Code Ann §41-6a-407.

[10] Complaint ¶ 26.

[11] Fed. R. Civ. P. 56(a).

[12] *Macon v. United Parcel Serv., Inc*., 743 F.3d 708, 712 (10th Cir. 2014).

[13] *Id*. (quoting *Kendrick v. Penske Transp. Servs., Inc*., 220 F.3d 1220, 1225 (10th Cir. 2000)).

3

The movant bears the initial burden of demonstrating the absence of a genuine dispute of material fact.[14] This burden can be met in one of two ways: by putting evidence into the record which affirmatively disproves an element of the non-moving party's case, or by directing the court's attention to the fact that the non-moving party lacks evidence on an element of its claim, "since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial."[15] Once the movant has met this burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[16] To do so, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[17] When the nonmoving party bears the burden of proof at trial on a dispositive issue, that party must "go beyond the pleadings" and "designate specific facts" so as to "make a showing sufficient to establish the existence of an essential element to that party's case."[18] If the party who bears the burden of proof at trial fails to make a sufficient showing to establish an essential element of their case, then summary judgment should be entered against them.[19]

## DISCUSSION

"[L]iability for accidents caused by livestock straying on a highway in Utah must be predicated on negligence or willfulness by the owner or person in possession or control of the

---

[14] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

[15] *Id.* 323-25; *see e.g., Johnson v. City of Bountiful*, 996 F.Supp. 1100, 1102 (D. Utah 1998).

[16] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

[17] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

[18] *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548.

[19] *See id.*; *see also, Houweling's Nurseries Oxnard, Inc. v. Robertson*, 276 F. Supp. 3d 1239, 1245–46, 2017 WL 4004422 (D. Utah 2017).

animal."[20] There is, however, "no presumption that the collision was due to negligence on behalf of the owner or the person in possession of the domestic animal or livestock."[21]

## I.     The claims of negligence fail as a matter of law

Plaintiff brings two claims for negligence. One under common law and the other under Utah Code Ann §41-6a-407. "In Utah, a negligence claim requires the plaintiff to establish four elements: that the defendant owed the plaintiff a duty; that defendant breached the duty (negligence); that the breach of the duty was the proximate cause of plaintiff's injury; and that there was in fact injury."[22] Utah Code Ann. §41-6a-407 provides in part that:

> A person who owns or is in possession or control of any livestock may not willfully or negligently permit any of the livestock to stray or remain unaccompanied on a highway, if both sides of the highway are separated from adjoining property by a fence, wall, hedge, sidewalk, curb, lawn, or building.[23]

There is a dispute between the parties as to whether the grazing area is "open range" versus "closed range." Plaintiff asserts the "controlling issue is not local concepts of 'open

---

[20] *Bagley v. Bagley*, 49 F. App'x 232, 234, 2002 WL 31323374, at *2 (10th Cir. 2002); *see* Utah Code Ann § 41-6a-407 (2005)

>    "(1)(a) A person who owns or is in possession or control of any livestock may not willfully or negligently permit any of the livestock to stray or remain unaccompanied on a highway, if both sides of the highway are separated from adjoining property by a fence, wall, hedge, sidewalk, curb, lawn, or building.
>
>    (b) Subsection (1)(a) does not apply to range stock drifting onto any highway moving to or from their accustomed ranges.
>
>    (2)(a) A person may not drive any livestock upon, over, or across any highway during the period from half an hour after sunset to half an hour before sunrise.
>
>    (b) Subsection (2)(a) does not apply if the person has a sufficient number of herders with warning lights on continual duty to open the road to permit the passage of vehicles.
>
>    (3) A violation of Subsection (1) or (2) is an infraction.
>
>    (4) In any civil action brought for damages caused by collision with any domestic animal or livestock on a highway, there is no presumption that the collision was due to negligence on behalf of the owner or the person in possession of the domestic animal or livestock."

[21] Utah Code Ann § 41-6a-407. This section was renumbered from § 41-6-38 in 2005.

[22] *Steffensen v. Smith's Mgmt. Corp.*, 820 P.2d 482, 486 (Utah Ct. App. 1991), aff'd, 862 P.2d 1342, 1993 WL 433966 (Utah 1993) (citing *Reeves v. Gentile*, 813 P.2d 111, 116 (Utah 1991)); *see also Gerbich v. Numed Inc.*, 977 P.2d 1205, 1207 (Utah 1999).

[23] Utah Code Ann. §41-6a-407.

range' versus 'closed range'" and instead the focus should be whether "both sides of the highway are separated from adjoining property by a fence, wall, hedge, sidewalk, curb, lawn, or building."[24] Defendant argues the motion for summary judgment does not depend on this determination. The court agrees that a determination of open range versus closed range is unnecessary to its decision, because whether there are fences on both side or not, Plaintiff must still establish a *prima facie* case for negligence under the terms of the statute and common law. Importantly, both the statute and case law provide that "[t]he mere fact that the animals escaped from the enclosure is not sufficient evidence, standing alone, to justify the submission of defendant's negligence to the jury."[25]

    Defendant argues Ms. Stockton has failed to offer any direct or independent evidence supporting her claim that he was negligent in allowing the cow to stray from the fenced grazing area. The court agrees. The evidence here indicates the cow made it onto the road and there was a cut in the fence about 3/4 of a mile from the accident. Plaintiff contests Mr. Holyoak's testimony that the fence had been cut with wire cutters arguing it is speculative and inadmissible. However, Plaintiff fails to offer any evidentiary support that there was not a hole in the fence or that Mr. Holyoak was responsible for the hole. Instead, Ms. Stockton argues that Mr. Holyoak owed her a duty to keep cows off the highway and that "defendant in this case made a conscious decision to graze his cows on public lands."[26] Thus, the fact that the cow was on the road and that Defendant used public lands makes him negligent. This argument is flawed. It would turn a negligence standard into strict liability for having a cow wander on the road and making the decision to graze cattle on public lands. Mr. Holyoak testified that he examined the fences on a

---

[24] Op p. 3 (quoting Utah Code Ann. §41-6a-407(1)(a)).

[25] *Rhiness v. Dansie*, 24 Utah 2d 375, 377, 472 P.2d 428, 430 (1970).

[26] Op. p. 5.

regular basis and had even done so hours before the accident. Plaintiff does not refute this testimony. Thus, even if Mr. Holyoak owed Plaintiff a duty, there is nothing to indicate in the record that he violated this duty. In sum, the court is left with evidence that the cow somehow escaped. Under Utah law, however, [t]he mere fact that the animals escaped from the enclosure is not sufficient evidence, standing alone, to justify the submission of defendant's negligence to the jury."[27]

In addition, Plaintiff fails to meet other *prima facie* elements to prove negligence. For example, there is no evidence indicating that Defendant's supposed breach of his duty of care was the proximate cause of Plaintiff's injury. Proximate cause is "that cause which, in natural and continuous sequence, (unbroken by an efficient intervening cause), produces the injury and without which the result would not have occurred. It is the efficient cause—the one that necessarily sets in operation the factors that accomplish the injury."[28] Usually, proximate cause is reserved for the jury.[29] The issue of proximate cause, however, "should be taken from the jury only where: (1) there is no evidence to establish a causal connection, thus leaving causation to jury speculation, or (2) where reasonable persons could not differ on the inferences to be derived from the evidence on proximate causation."[30]

Here, the accident arose from Plaintiff hitting a cow on the road and it is self-evident that cows are a danger on state highways. There is no evidence, however, that Defendant's supposed negligence was the proximate cause thatled to the injury. Rather, causation is left to speculation

---

[27] *Rhiness v. Dansie*, 24 Utah 2d 375, 377, 472 P.2d 428, 430 (1970).

[28] *State v. Lawson*, 688 P.2d 479, 482 n.2 (Utah 1984).

[29] *See Godesky v. Provo City Corp.*, 690 P.2d 541, 544 (Utah 1984).

[30] *Steffensen v. Smith's Mgmt. Corp.*, 820 P.2d 482, 487, 1991 WL 223073 (Utah Ct. App. 1991), aff'd, 862 P.2d 1342, 1993 WL 433966 (Utah 1993) (citing *Robertson v. Sixpence Inns of America, Inc.*, 163 Ariz. 539, 789 P.2d 1040, 1047 (1990) (en banc)).

because it is uncertain exactly how the cow escaped. Thus, it should not be left to a jury to speculate regarding what caused the cow to escape.[31]

Plaintiff fails to establish a *prima facie* case for negligence. Therefore, summary judgment is appropriate on these causes of action.

## II. The claim of *Res Ipsa Loquitur* fails as a matter of law

In Utah, the doctrine of *res ipsa loquitur*, permits the trier of fact to infer negligence on a defendant's part from the circumstances surrounding the injury, even though a plaintiff "is unable to produce evidence pinpointing a given act or omission on the part of defendant which breached a legally imposed standard of care."[32] To be entitled to a *res ipsa loquitur* instruction, a "plaintiff must produce sufficient evidence to permit the jury to find the following three prerequisites to an inference of negligence:

> '(1) the event causing the damage is of a type that ordinarily would not happen except for someone's negligence; (2) the damage must have been caused by an agency or instrumentality within the exclusive control of the defendant; and (3) the plaintiff's own use of the agency or instrumentality was not primarily responsible for the injury.'"[33]

Here, Mr. Holyoak has provided unrefuted and unchallenged evidence that he exercised due care by regularly inspecting the fences, posts and gates. Ms. Stockton's argument that if Defendant took better care of his cattle then somehow the accident would not have occurred is unsupported by any evidence. Moreover, once again, Plaintiff cannot simply rely on a cow being outside a fenced grazing area as the only

---

[31] *See e.g., Mitchell et al. v. Pearson Enterprises*, 697 P.2d 240, 245 (Utah 1985) ("Demonstrating material issues of fact with respect to defendants' negligence is not sufficient to preclude summary judgment if there is no evidence that establishes a direct causal connection between that alleged negligence and the injury.").

[32] *Anderton v. Montgomery*, 607 P.2d 828, 833 (Utah 1980).

[33] *Vanderwater v. Hatch*, 835 F.2d 239, 241 (10th Cir. 1987) (quoting *Ballow v. Monroe*, 699 P.2d 719, 721 (Utah 1985)).

evidence of negligence. That argument has already been regularly rejected.[34] Further, Utah case law "gives at least some indication that a *res ipsa loquitur* instruction would not be appropriate."[35] Thus, Plaintiff fails to meet the required showing for a *res ipsa loquitur* instruction and summary judgement will be granted.

## CONCLUSION AND ORDER

As set forth above, Plaintiff has failed to establish a *prima facie* case for negligence and there is no genuine dispute as to any material fact suggesting otherwise. Defendant is entitled to summary judgment. Therefore, it is ORDERED that Defendant's Motion for Summary Judgment is GRANTED. This case is closed.

DATED this 21 August 2018.

Brooke C. Wells
United States Magistrate Judge

---

[34] *See e.g.*, *Bagley*, 49 F. App'x 232, 234; *Vanderwater*, 835 F.2d at 241; *Rhines*, 24 Utah 2d at 377.
[35] *Vanderwater*, 835 F.2d at 243.